# PRACTICE REPORTS.

## SUPREME COURT.

Richard W. Meade agt. The St. Louis Mutual Life Insurance Company, St. Louis Life Insurance Company and William A. Gregory.

A contract by a life insurance company to pay a sum certain on a future day, or on the death of a party before that day, on condition that the other party should pay to it a certain sum yearly, is violated by the company when it transfers all its assets to another company and ceases to do business.

Such violation of the contract, during its term, gives the policyholder the right to rescind, and sue for and recover the whole amount of premiums paid, with interest, as money had and received for his benefit.

The policyholder in such a case may bring an action, in the nature of a bill in equity, on his own behalf and on behalf of all others similarly situated, to recover premiums and prevent the transfer of property of the company; and in such an action an injunction will issue and a receiver be appointed.

*Kings Special Term, April,* 1875.

*Robert Sewell,* for plaintiff.

*James Emott & H. L. Burnett,* for defendant.

Pratt, *J.* — The plaintiff took out a policy of life insurance in the St. Louis Mutual Life Insurance Company, in a certain class or department known as the army and navy branch. The object of forming this branch was to induce officers of the army and navy to insure in the company.

The company is a foreign corporation created under the laws of the state of Missouri, but at the time of the issuing

of the policy to the plaintiff it had an agency in the city of New York, had complied with our statutes regulating the business of insurance by foreign companies, and had received a license to do business from the superintendent of the insurance department of New York. It had full power to enter into the contract sued upon and to bind itself by its provisions.

The policy issued to the plaintiff, a copy of which is annexed to the complaint, in consideration of the annual premium of $162.40 to be paid yearly for thirty years, insures the life of Richard W. Meade in the sum of $5,000, payable to him on the 19th day of March, 1901, or if he should die before that day to his wife.

It is provided, that a failure to pay any premium when due shall forfeit the policy, except that if, after three annual payments have been made, the insured ceases to pay premiums such default shall not work forfeiture, but the sum insured shall be commuted or reduced to such proportional part as the sum of the annual premiums paid shall bear to the sum of the premiums stipulated to be paid.

It is further provided, that the insured shall be permitted to serve in his profession in the army or navy, in peace or war; but if he should leave the service of the United States the policy is to be placed under the conditions of policies, in the same class of the said company, in civil life.

It is also provided, that the surplus arising from the over-payment of premiums on this class of risks (army and navy) shall be determined from its own mortality, and shall be divided equitably to the members of that branch of the company's business.

There is also a provision that the policy may be assigned and the beneficiary changed.

The policy is executed under seal of the company and attested by the president and secretary at St. Louis, on the 19th of March, 1871, and countersigned on the 4th of May, 1871, by Gregory and Houston, agents.

It is a special provision of the policy, next before the attesta-

tion clause, that the policy shall not go into effect until the first premium be paid, and until it is countersigned by Gregory and Houston, New York city.

The premium was paid, and the policy countersigned and delivered in New York.

The plaintiff paid three annual premiums; the fourth annual premium was due on the 19th March, 1874. This premium was not paid.

Before that time the St. Louis Mutual Life Insurance Company had executed a general assignment of all its property, of every kind and nature, to the Mound City Life Insurance Company, the last named company assuming all its liabilities.

The St. Louis Mutual Life Insurance Company was not dissolved or wound up, but gave up its business to the Mound City Company and practically ceased to exist.

The defendant Gregory, who had been the agent of the old company in New York, became the agent of the Mound City Company as far as the laws of New York would allow him, but as this last named company was not admitted to do business in New York his agency was practically confined to collecting the premiums on policies issued by the St. Louis Mutual Company.

Instead of paying the premium due on the nineteenth March the plaintiff asked for a commuted policy for the sum, which would be equitable in proportion to premiums paid. He surrendered his policy to the agent of the old company and he received a policy for $500 from the agent, supposing it to be a policy of the St. Louis Mutual Life Insurance Company. Within a few days he discovered that the policy so received was issued by the St. Louis Life Insurance Company and not by the St. Louis Mutual Life Insurance Company, the company in which he was insured; and immediately upon discovering this he returned the policy.

The commuted policy was, in fact, issued by the Mound City Company under a new name which they had legally

assumed after absorbing the business of the old company, and in a spirit of conciliation toward the policyholders of the old company.

These are the facts upon which this action is brought. The plaintiff claims that the contract made between him and the company has been violated by the company, by the transfer of all its property and business to a strange corporation.

That he is relieved from all liability under the contract, as the company has put it out of its power to perform the obligations of the policy on its part, and that he is entitled, on his own behalf and on behalf of all the members of the army and navy class, to the aid of a court of equity to enforce his remedy.

He has already had the benefit of an injunction order issued at the commencement of this action, forbidding defendant Gregory from transferring to the new company any of the funds of the old, and there is a fund now in Gregory's hands within the jurisdiction of this court, which fund formed a part of the assets of the St. Louis Mutual Life Insurance Company, attempted to be transferred to the Mound City Company.

The premium of insurance on lives, unlike marine or fire risks, can never be marked off as earned. If the contract continues, the day of payment must come. It is therefore necessary for a company to keep, against each policy, a fund which shall grow yearly by the addition of interest and premium, until, at the maturity of the policy, it shall equal the amount to be paid (*Cohen* agt. *N. Y. Mutual*, 50 *N. Y.*, 619). This is a duty required by law, both in Missouri and New York.

Whether this contract be construed as a New York contract or a Missouri one, is immaterial in this respect. In either case the company owed to the insured, the duty of keeping invested this fund, which is called the reserve.

The St. Louis Mutual Life Insurance Company has failed in this duty, and has voluntarily transferred the reserve on the

Meade agt. St. Louis Mutual Life Insurance Co.

plaintiff's policy, and on all its policies, to the reinsuring company.

This is in violation of the contract with the plaintiff. It cannot be that he is bound to go on for thirty years paying his premium yearly, if he can find any agent of the old company to pay it to, and trust to the chance of the company being able to pay him the amount of his policy. The law does not require him to do so.

The party in default must bear the consequences of the default, and not the party who has performed the conditions on his part.

The law is settled to be, that whenever one party to a contract refuses to execute any substantial part of the agreement, he thereby gives to the other party the option to rescind the entire contract (*Dubois* agt. *Del. & Hud. Canal Co.*, 4 *Wend.*, 289; *Husted* agt. *Craig*, 36 *N. Y.*, 221).

Nor could the company claim, under such circumstances to be paid for the part performed on its part (*Ketchum* agt. *Evartson*, 13 *Johns.*, 358; *Jones* agt. *Judd*, 4 *Comstock*, 411).

The plaintiff in this case by bringing this action, must be held to have exercised this right and to have done it promptly, if indeed the act of the company did not *ipso facto* rescind the contract.

Taking this view of the case, it is perhaps unnecessary to examine the other grounds upon which the plaintiff bases his claim to relief; as, however, the remedy sought here will be ineffectual unless the fund within the jurisdiction of the court can be applied to the payment of the sums to which the plaintiff and others of his class will be entitled, let us examine its condition, and what right the new company has to it as against the plaintiff.

The power of the old company to transfer, as it has been attempted, all its property of every name and kind, to another company, must be sustained by some express grant of power, either in its charter or the general laws of Missouri. Corpo-

rations take no powers by implication (15 *Johns.*, 382 ; 7 *Wend.*, 34).

The only suggestion of such power is the charter right to " reinsure, or cause itself to be reinsured, against loss on or by any risk or risks which it should take," and the general permission to " cause itself to be wholly or partially reinsured against any risk, and to make and enter into all manner of contracts relating to such reinsurance, &c." (*Insurance Laws of Missouri*, sec. 44).

These powers were granted to this company for the purpose of enabling it to carry on the business of life insurance, and not for the purpose of winding up the company. To transfer, under the guise of reinsurance, the whole assets of a corporation, is to turn a statute meant to be protective into an engine of destruction. It suffices on this head to refer to the case of *Abbott* agt. *Hard Rubber Company* (33 *Barb.*, 578).

But it is argued for the defendants that this is a Missouri contract, and the courts of Missouri have passed on this whole question ; that the judgment introduced in evidence binds the plaintiff, and, even if it does not technically bind the plaintiff, comity requires that we should follow the decision of the Missouri court ; and that, the Missouri court having sanctioned the transfer of the assets of the old company to the new, this court should follow that decision.

In opposition to this view, however, it is enough to say that judgments are only binding on parties and privies, and the plaintiff here was neither a party nor a privy (*Miller* agt. *White*, 50 *N. Y.*, 137).

The decision of the court is entitled to consideration, but I cannot see that this question of power was raised or decided. Even if it had been, it would not affect the merits of this controversy. This contract was made in New York (*Hubner* agt. *Eagle Co.*, 10 *Gray*, 131 ; *Martine* agt. *Mutual Life Co.*, 53 *N. Y.*, 339). Its construction and validity depend upon the laws of this state. It must be held to have been made with regard to our laws (*Chapman* agt. *Robertson*, 6

*Paige*, 227, 230; *Prentice* agt. *Savage*, 13 *Mass.*, 23). The jurisdiction of this court over the whole subject-matter of this controversy is, it seems to me, firmly established; and if it were otherwise the parties have voluntarily appeared here and submitted to the jurisdiction (*Prouty* agt. *Mich. S. R. R. Co.*, 4 *N. Y. Supreme C.*, 233). The contract, therefore, having been rescinded by the action of the old company, and the plaintiff electing so to consider it, he is entitled to recover back the payments he has made (*Wheeler* agt. *Board*, 12 *Johns.*, 363; *Raymond* agt. *Bearnard*, 12 *Johns.*, 274; *Weaver* agt. *Bentley*, 1 *Caines R.*, 47).

And all other policyholders similarly situated with him who, within a reasonable time, come in and demand it, have the same right (*Code, sec.* 119).

The money in the hand of Gregory is the money of the old company, and it is a trust fund held for the benefit of the policyholders.

There is thus a fund within the jurisdiction of the court which can be applied to the extinguishment of the plaintiff's claim, and the claim of those having the same equity. It is the duty of the court so to apply this fund.

The plaintiff is entitled to judgment for the amount of premiums paid, and interest, and to a reference to have the amount computed. All other policyholders of the army and navy class who shall come in and claim the benefit of the decree should have similar relief, and in the mean time a receiver of the fund should be appointed, unless the parties can agree that it be placed at interest to abide the event of this suit.

NOTE. — The supreme court of Missouri, in March, 1859, in *McKee* agt. *The Phœnix Life Ins. Co.* (28 *Mo.*, 383), decided that, where after several premiums had been paid by a wife on a policy on the life of her husband, and she was divorced, and the company refused to accept a semi-annual premium, the return of premiums would be adjudged. The court, however, expressly states that such a measure of damages would be inadequate in many cases; especially where the premium payments had been long continued and the health of the insured life had become impaired.

It would appear that upon a company failing to carry out its part of the contract, a policyholder may elect what remedy to seek. He may treat the contract as rescinded and sue for and recover the money paid as premiums, as money had and received to his use. In such a case he can only recover the premiums not cut off by the statute of limitations. He may sue for the breach of the contract, and the measure of damages will be such sum as he can procure the same amount of insurance for at the advanced age and taking into consideration his health; and if it should appear that he could not, by reason of impaired health, obtain insurance, the whole amount of the policy might possibly be the proper measure of his damage. He might, also, if he preferred, bring an action in the nature of a bill in equity to determine his right and force the company to carry out the contract (*Cohen* agt. *Mutual Life Ins. Co.*).

At the supreme court general term, Albany, January, 1876, in the case of *Hall* agt. *Reserve Mutual Life Ins. Co.*, the court held that a refusal to receive a premium by the company gave the policyholder a right to treat the contract as rescinded and recover the premium paid as money had and received. There was no opinion delivered in this case, although it was elaborately argued.

The doctrine has become of great importance to the policyholders in companies which have been reinsured in other offices. There is an implied contract on the part of an insurance company to keep the legal reserve of each policy invested according to law, and the doctrine of the *Meade Case* above is, that a voluntary transfer of this fund places it out of the power of the company to fulfill its contract, and gives the policyholder the right to treat the contract as rescinded.