HERMAN T. KOERNER and CHARLES E. HAYES, Appellants, *v.* CHARLES P. HENN, Respondent.

*Sales — what is not a condition precedent — breach by a vendor before the time of payment — when an entire executory agreement may be rescinded — restoration.*

In an action brought to recover the purchase price of certain advertising pictures sold by the plaintiffs to the defendant, it appeared that the pictures were sold under an agreement that they should be paid for in thirty days from the time of their delivery, and that the plaintiffs, for a period of four months from the date of delivery, would sell none of them in the city of Buffalo except to the defendant. The evidence tended to show that, within thirty days from the time the property was delivered, the plaintiffs violated this agreement by selling the pictures to another party, and that the defendant thereupon notified the plaintiffs that he rescinded the agreement and held the pictures subject to their order.

*Held*, that as the stipulated time for payment expired before that during which, by the terms of the contract, the plaintiffs were required to observe their stipulation to sell to no person other than the defendant, the stipulation could not be treated as a condition precedent to an action to recover the purchase price;

That, as it appeared, however, that the plaintiffs had deprived themselves of their ability to perform the contract, in a respect which might be deemed material to the beneficial purpose of the purchase, and that the defendant was

able to restore to the plaintiffs all their goods and had promptly offered to do so, the case came within the general rule, that an entire executory agreement may, upon a substantial breach by one of the parties, be rescinded by the other, when there can be a rescission in *toto* and the parties can be put in *statu quo*.

APPEAL by the plaintiffs, Herman T. Koerner and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 29th day of February, 1896, upon the decision of the court rendered at Special Term upon an appeal by the plaintiffs from a judgment in favor of the defendant rendered in the Municipal Court of Buffalo.

*Harry Earl Montgomery* and *F. M. Inglehart*, for the appellants.

*Fred D. Corey*, for the respondent.

Judgment affirmed, with costs, upon the opinion of BRADLEY, J., delivered at Special Term.

All concurred.

The opinion of BRADLEY, J., was as follows:

BRADLEY, J. :

By agreement of date March 2, 1895, the plaintiffs undertook to sell and deliver to the defendant, and the latter to purchase, 25,000 No. 512 dogs' pictures at the price of $225, to be paid for in thirty days from time of delivery. In the agreement was the provision that the plaintiffs should sell none in the city of Buffalo for the period of four months from the date of such delivery, except to the defendant.

The defense is founded upon the charge, supported by the evidence, that the plaintiffs did, within such time, sell similar dog pictures to another person in the city of Buffalo. Thereupon defendant called the attention of the plaintiffs to such violation of the agreement, and notified them that he rescinded the agreement, and that the 25,000 dogs' pictures so delivered were set aside for the plaintiffs and held subject to their order. It appears that they were so set aside and held. This was within thirty days after the property had been delivered by the plaintiffs to the defendant, and before this action was brought to recover the price. The question pre-

sented is, whether or not the breach of the contract on the part of the plaintiffs enabled the defendant to rescind the agreement and thus furnish a defense.

The stipulated time for payment by the defendant expired before that within which the plaintiffs were required by the terms of the contract to observe their stipulation not to sell to any person in Buffalo other than the defendant. That condition or provision cannot, therefore, be treated as a condition precedent to the right of action to recover the price. (*Tipton* v. *Feitner*, 20 N. Y. 423 ; *De Kay* v. *Bliss*, 120 id. 91.)

It is, however, a general rule that an executory agreement, which is entire, may, upon a substantial breach by one of the parties, be rescinded for that reason by the other when it can be done in *toto* and the parties put in *statu quo*. (*Weaver* v. *Bentley*, 1 Caines, 47 ; *Meade* v. *St. Louis M. Life Ins. Co.*, 51 How. Pr. 1 ; *Giles* v. *Edwards*, 7 Durn. & E. 177 ; *Hunt* v. *Silk*, 5 East, 448.)

In the present case the contract was executory, and part of the consideration of the purchase was the plaintiffs' stipulation that they would not, within such term, give opportunity to any other person in the city of Buffalo, by sale to him, to come in competition with the defendant in the use of the advertising novelty in question. The plaintiffs disabled themselves from performance, on their part, of the contract, in a respect which may have been deemed material to the beneficial purpose of the purchase ; and when the plaintiffs did, by such sale to another, deny to the defendant the benefit of that provision, he was at liberty to treat such sale as a substantial breach of the contract, prejudicial to him, and on that ground to rescind it, if he was then able to fully restore to the plaintiffs what he had received from them, and thus place them in the same situation in respect to the subject of the sale, in which they were at, and immediately before, the time of the delivery of the goods. This the evidence on the part of the defendant tended to prove, and the conclusion is permitted that the defendant had, in the meantime, made no use of any of them. It was, nevertheless, necessary for the defendant to proceed promptly to rescind the agreement to render such rescission effectual. The conclusion was warranted that, under the circumstances, he did so with the reasonable promptitude and diligence essential to accomplish it.

The cases cited by the plaintiffs' counsel on the subject of "remedy," when the stipulations of a contract do not constitute conditions precedent, were those in which there was no restoration to place the parties in *statu quo*. In such case the remedy for a breach is an action for damages.

There seems to have been no ruling at the trial to the prejudice of the plaintiffs.

The judgment should be affirmed.