(9 App. Div. 283.)

## TOCCI v. POWELL et al.

(Supreme Court, Appellate Division, Second Department.　October 30, 1896.)

1. LANDLORD AND TENANT—LIABILITY FOR RENT—DESTRUCTION OF PREMISES.
　　Laws 1860, c. 345, exempting a lessee from liability for rent if the premises are destroyed during the term, does not apply where the lease contains a covenant providing against such contingency.

2. SAME—PLEADING AND PROOF.
　　A provision of a lease that the rent should cease in case the premises should be destroyed by fire is not available as a defense in an action for rent unless pleaded.

Appeal from trial term.

Action by Felice Tocci against Valeria L. D. Powell, impleaded with Gustav Prell. From a judgment entered on the decision of the court on a trial without a jury, defendant Valeria L. D. Powell appeals. Affirmed.

Argued before BROWN, P. J., and BARTLETT, HATCH, and BRADLEY, JJ.

James P. Lowrey, for appellant.
Albert Reynaud, for respondent.

HATCH, J.　The action is brought to recover certain arrears of rent secured to be paid by the terms of a written lease. By the provisions of the lease the yearly rental secured to be paid was the sum of $600, payable in installments of $100 each upon the 1st days of April, May, June, July, August, and September, respectively. It was conceded, and the court found, that the rent for the months of May, June, July, August, and September, 1893, was wholly unpaid, for which sum judgment, with interest, was awarded to plaintiff. It appeared upon the trial that the buildings upon the premises were wholly destroyed by fire on the 16th day of September, 1893. The lease contained a covenant that, "in case of the total destruction of the premises, by fire or otherwise, the rent shall be paid up to the time of said destruction, and then and from thenceforth this lease shall cease and come to an end; provided, however, that such damage or destruction be not caused by the carelessness, negligence, or improper conduct of the party of the second part, his agents or servants." The parties themselves having provided by this covenant against the contingency of destruction of the premises by fire, it furnishes the measure of defendant's exemption from liability, and the statute (Laws 1860, c. 345) has no application. If it did, the rule, which is decisive of the case, would not be thereby changed, for in substantial respects the statute and the covenant is the same. The total destruction of the buildings alone did not have the effect of exempting defendant from the payment of rent, because such destruction must have taken place without the concurrent carelessness, negligence, or improper conduct of the defendant. This is the terms of the covenant, and also the provision of the statute. In order that defendant be relieved from payment, he must bring himself within the terms of the contract under which he claims to be relieved, otherwise he is under both a contract and a common-law liability

to pay. Defendant neither alleged in his answer nor offered proof upon the trial to show that the fire was occasioned through no fault of his, in consequence of which a case was not made for exemption from liability. There was nothing before the court upon which it could so find. The right of action under the lease survived the fire, and plaintiff could maintain an action thereon for the rent. McGregor v. Board, 107 N. Y. 511, 14 N. E. 420; Roe v. Conway, 74 N. Y. 201.

The judgment should be affirmed, with costs. All concur.