(22 Misc. Rep. 592.)

### BACON v. ALBANY PERFORATED WRAPPING PAPER CO.

(Supreme Court, Trial Term, New York County. February 14, 1898.)

LANDLORD AND TENANT—REPAIRS—LEASE—SURRENDER.

    A tenant may surrender the premises, and thereby terminate all liability under a lease providing that, if the demised building is rendered untenantable by a partial destruction by fire, the landlord will repair it "as speedily as possible," where such a contingency occurs, and the landlord neglects to repair within a reasonable time, though the lease also provides that the rent shall cease until the repairs are all made.

Action by Williamson Bacon, trustee, against the Albany Perforated Wrapping Paper Company. Judgment for defendant.

Lord, Day & Lord (Chas. P. Miller, of counsel), for plaintiff.
L. Hotaling (Esek Cowen, of counsel), for defendant.

McADAM, J. The lease demised the premises No. 28 Elm street, New York City, for 10 years and 6 months from November 1, 1890,

at $4,000 a year, in monthly payments.   On June 14, 1894, a fire occurred, and the building, though not destroyed, was damaged to an extent that rendered it untenantable.   The dispute arises under the special covenant of the lease, which provides "that, in case the building or buildings erected on these premises hereby leased shall be partially destroyed by fire, the same shall be repaired as speedily as possible at the expense of the party of the first part" (landlord); "that, in case the damages shall be so extensive as to render the building untenantable, the rent shall cease until such time as the building shall be put in complete repair, but in case of the total destruction of the premises by fire or otherwise the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease and come to an end," etc.   The true construction of the covenant is that the landlord, in case of partial destruction, whether or not the building was made untenantable, was to begin repairs.as soon as possible, and complete them as speedily as possible.   The covenant contains but two clauses,—one in regard to total destruction, which was to terminate the lease; the other in regard to partial injuries, in which case the premises were to be restored by the landlord to their former condition.   In this respect the case differs essentially from Witty v. Matthews, 52 N. Y. 512, in which the covenant contained three independent clauses, the one relating to speedy repairs applying only to injuries not rendering the premises untenantable; whereas in this instance the covenant applies whether the premises were rendered untenantable or not.   The obligation to pay rent ceased, under the special covenant here, when the building became untenantable, subject to revival only in case the repairs were made by the landlord "as speedily as possible," for this was a condition precedent to such revival.   The rule is that a condition precedent (not waived by the party in whose favor it is made) must be literally observed by the party who is to perform the promise, and if he fail to perform the other party is discharged. 3 Am. & Eng. Enc. Law. 911, 914; Higgins v. Railroad Co., 60 N. Y. 553; Koerner v. Henn, 8 App. Div. 602, 40 N. Y. Supp. 1021.   Any other construction would compel the tenant to resume possession at an unknown and indeterminable period, measured only by the pleasure of the landlord; which was evidently not the intention of the contracting parties.   The words "as speedily as possible" mean within a reasonable time, or without unreasonable delay.   Atwood v. Emery, 1 C. B. (N. S.) 110; 2 Pars. Cont. (6th Ed.) 497, 498; 1 Chit. Cont. (11th Am. Ed.) 116.   The parties having by express covenant provided for the contingency of fire, it furnishes the measure of the defendant's liability, and the statute (Laws 1860, c. 345) has no application.   Tocci v. Powell, 9 App. Div. 283, 41 N. Y. Supp. 511; Butler v. Kidder, 87 N. Y. 98.   At common law the defendant's liability would have continued, notwithstanding the fire (3 Kent, Comm. 465; Tayl. Landl. & Ten. § 375; Bloomer v. Merrill, 1 Daly, 485; Suydam v. Jackson, 54 N. Y. 450), and as the statute does not relieve the defendant its right and duties must be determined solely by the special covenant.   "Modus et conventio vincunt legem."

Although the complainant alleges that the repairs were made "as speedily as possible," the plaintiff failed to prove this allegation, taking the position at the trial that he had the right to take as much time as he chose to make the repairs, the only consequence being that until the repairs were completed the defendant had the use of the land free of rent. This construction of the covenant cannot prevail. If the defendant was to continue as tenant of the premises after they had been made untenantable by fire, it was certainly a reasonable requirement that they should be put in tenantable condition as soon as reparation could reasonably be made. The covenant evidently contemplated some duty and diligence on the part of the landlord. The defendant sublet the building in tenements, and the last subtenant vacated his rooms early in September, 1894. The premises being then entirely abandoned, the defendant on the 12th of that month (three months after the fire) made a tender of the keys, and offered to surrender the premises in rescission of the hiring. As the condition precedent, upon which the lease was to continue, had, at the time of such offer to surrender, not been performed, no diligence having been used by the landlord in making the necessary repairs, the tenant had the right to, and did, terminate its liability by the offer. It follows that there must be judgment for the defendant.