WEINBERG v. SAVITZKY et al.

(Supreme Court, Appellate Term. April 24, 1905.)

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION—STATUTES.

Where a lease provided that in case of damage to the premises by fire, not sufficient to render the premises untenantable, the landlord should repair as speedily as possible; that, if the damage was so extensive as to render the premises untenantable, the rent should cease until the building was put in complete repair; and in case of the total destruction of the premises by fire the rent should be paid up to the time of the fire, and the lease should thereupon be terminated—the rights of the parties are not to be determined by Laws 1860, p. 592, c. 345 (Real Property Law,

Laws 1896, p. 589, c. 547, § 197), providing that lessees of any building which without their fault shall be destroyed shall not be liable for rent after such destruction, unless otherwise expressly provided by written agreement or covenant, and that the lessees may thereupon surrender possession of the leased premises.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 777, 778.]

**2. SAME—LIABILITY FOR RENT.**

Where a lease provided that in case of damage to the property by fire so extensive as to render the premises untenantable the rent should cease until such time as the building should be placed in complete repair, the lessees were not liable for rent prior to the completion of repairs made necesary by fire on the premises, during which they were unable to carry on their business thereon, though they did not surrender possession.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 777, 778.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Alex Weinberg against Louis Savitzky and another. From a Municipal Court judgment of the City of New York in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT, and GREENBAUM, JJ.

S. C. Sugarman, for appellants.

Abraham B. Schleimer, for respondent.

SCOTT, P. J. This action seems to have been decided in plaintiff's favor upon the assumption that the rights of the parties are to be determined by chapter 345, p. 592, of the Laws of 1860, which provides that "the lessees or occupants of any building which shall without any fault or neglect on their part, be destroyed or so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessor or owner thereof after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied." This statute was re-enacted in substantially the same terms by section 197 of the real property act (chapter 547, p. 589, Laws 1896). It may be that, in order to take advantage of this statute, the tenant must quit and surrender possession of the leased premises; but that question does not arise here. The statute, by its own terms, becomes operative "unless otherwise expressly provided by written agreement or covenant." It is otherwise expressly provided between these parties by written agreement contained in the lease. That agreement provides for three contingencies. The first is the case of partial damage by fire, not sufficient to render the premises untenantable, in which case the landlord is bound to repair as speedily as possible. The third contingency is the case of a total destruction, in which the rent is to be paid up to the time of the fire, and the lease is thereupon terminat-

ed.   The second contingency, which is presented here, is the case of damage by fire so extensive as to render the premises untenantable, in which case the rent is to cease until such time as the building shall be put in complete repair; but it is not provided in this event that the lease shall terminate.   This special agreement took the case out of the operation of the statute above cited, and furnishes the sole rule under which the respective rights of the parties are to be determined.   Baconn v. Alb. P. W. P. Co., 22 Misc. Rep. 592, 49 N. Y. Supp. 620;  Tocci v. Powell, 9 App. Div. 283, 41 N. Y. Supp. 511;  Butler v. Kidder, 87 N. Y. 98.   The fire occurred on the 15th of February, and it is clearly shown that the damage was not completely repaired until after April 1st.   This action is for rent for the month of March.   The evidence, uncontradicted by plaintiff, shows that the fire rendered the premises quite untenantable. It is true that defendants never surrendered possession, but continued to visit the premises from time to time—perhaps daily—and kept in the premises certain of their stock and tools, but it does not appear that they were able to carry on their business.   While continued occupation may raise a presumption of continued tenantability, it is not conclusive evidence thereof.   There may be an occupancy not inconsistent with a claim that the premises occupied were in fact untenantable (Kip v. Merwin, 52 N. Y. 542), and, in our opinion, the evidence here presents just such a case.

The judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event.   All concur.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.