(49 Misc. Rep. 619)

BEERS v. TAUSSIG et al.

(Supreme Court, Appellate Term.   December 21, 1905.)

LANDLORD AND TENANT—RENT—UNTENANTABLE CONDITION OF PREMISES.

A lessee, in a lease stipulating that, if damage to the premises by fire should render the premises untenantable, the rent should cease until the premises should be repaired, who remained in possession after a fire and kept his goods there to enable the insurance examiner to see them and adjust the loss, was liable for the rent; the premises not being untenantable.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 777–784.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Matthew H. Beers against Emil Taussig and another. From a judgment for defendants, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Harris, Corwin, Gunnison & Meyers, for appellant.

Strasbourger, Weil, Eschwege & Schallek, for respondents.

MacLEAN, J.   The plaintiff brought this action to recover rent for the month of August, 1905, under a lease of a loft containing this clause:

"If the premises hereby leased shall be injured by fire or otherwise, but not rendered untenantable, the same shall be repaired with all proper speed at the expense of the lessor; but, if the damage shall be so extensive as to render the premises untenantable, the rent shall be proportionately paid up to the time of such damage, and shall from thenceforth cease, until such time as the same shall be put in good repair; but in case of such destruction of the building by fire, or otherwise, as to render it necessary to rebuild the same, and upon the payment of the proportional rent up to the time of such destruction, then and from thenceforth this lease shall cease and come to an end."

A fire occurred about the last of June, and the second contingency arose.   The defendants remained in possession until the latter part of August, and their goods, as one of them testified, "were spread over the whole floor—you could not make a step there without interfering with the goods, on account of the fact that the loss was being adjusted—so that the examiners from the insurance company could see them."   While, as said by this court in Weinberg v. Savitzky (Sup.) 93 N. Y. Supp. 485, 487, "there may be an occupancy not inconsistent with a claim that the premises occupied were in fact untenantable," the evidence herein may not be said to present such an occupancy; for tenantable were the premises for the purpose for which they were occupied, and that purpose was for the benefit of the defendants.   Wherefore the claim of untenantability and of nonliability for rent must be held not proven.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.