Plaintiff purchased her $150 contract from defendant. Plaintiff then brought a prospect named Uhlfelder to defendant, through whom Uhlfelder purchased a $150 contract. The commissions on Uhlfelder's first contract were divided between plaintiff and defendant. Subsequently Uhlfelder and two partners or persons jointly interested with her had negotiations with defendant, as well as with plaintiff, about purchasing a $5,000 contract. They purchased it through the defendant, who wrote plaintiff, recognizing Uhlfelder as plaintiff's prospect, and offering to divide the commissions with her at what defendant claimed was the contract rate and the current usage thereunder. Plaintiff, however, refused to accept any division, or to recognize the peculiar provisions of the agency contracts, and brought an action to recover the entire commission, notwithstanding the agency contracts.

The trial judge instructed the jury that with the various ramifications of the contract between defendant and the Domestic Utilities Manufacturing Company the jury had very little to do, and left to them only a question of credibility as to which of the parties was the procuring cause of the sale. Had either party to the action not been a party to the agency contracts, or were this a case of an undisclosed principal, the charge would have been correct. Leo v. McCormack, 186 N. Y. 330, 333, 334, 78 N. E. 1096; Kent v. De Coppet, 149 App. Div. 589, 593–595, 134 N. Y. Supp. 195. But the rights of agents for sales made under and pursuant to a contract defining their respective agencies, duties, rights, and interests in the case of a joint sale must be determined by the terms of the contract creating their respective agencies, where the precise event that occurred is provided for in the contract, just as members of the Stock Exchange are bound by its rules in dealing with each other. Clarkson Home v. Missouri, K. & T. R. Co., 182 N. Y. 48, 49, 62–66, 74 N. E. 571; Peabody v. Speyers, 56 N. Y. 230, 233, 234; Springs v. James, 137 App. Div. 110, 117–123, 121 N. Y. Supp. 1054; Clews v. Jamiesen, 182 U. S. 461, 482–488, 21 Sup. Ct. 845, 45 L. Ed. 1183; Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 248, 25 Sup. Ct. 637, 49 L. Ed. 1031; Horton v. Morgan, 19 N. Y. 170, 172, 75 Am. Dec. 311.

The learned trial court erred, therefore, in instructing the jury that they should disregard the provisions of the contract, and consider merely who was the procuring cause of the sale.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(85 Misc. Rep. 380)

#### GUERNSEY v. BUTTERICK PUB. CO., Limited.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. LANDLORD AND TENANT (§ 231*)—RENTS AND ADVANCES—ACTIONS—BURDEN OF PROOF.

A lease provided that, if the demised premises be partially damaged by ·fire, they shall be repaired as speedily as possible, and if the damages are so extensive as to render the building untenantable the rent shall cease until repaired, etc., provided, however, that such damages and destruc-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion be· not caused by the carelessness or negligence of the tenant, etc. *Held*, in an action by the landlord for rent after a fire, that the burden of establishing negligence of the tenant was upon the landlord, and, in the absence of any proof, it was error to submit such issue to the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 231*)—RENTS AND ADVANCES—ACTION—BURDEN OF PROOF.

A lease provided that, if the building shall be partially destroyed by fire, the same shall be repaired as speedily as possible, and if the damages were so extensive as to render the building untenantable the rent should cease until such time as the building shall be put in complete repair. The building was damaged by fire, and the landlord repaired, but the tenant refused to accept. *Held*, that the burden was upon the landlord to prove that the premises were put in complete repair and as speedily as possible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ ·926–934; Dec. Dig. § 231.*]

Appeal from City Court of New York, Trial Term.

Action by Florence Guernsey against the Butterick Publishing Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

See, also, 158 App. Div. 934, 143 N. Y. Supp. 1119.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

James B. Sheehan, of New York City, for appellant.

Gordon & Rogers, of New York City (Clarence De Witt Rogers, of New York City, of counsel), for respondent.

GUY, J. The defendant appeals from a judgment in favor of plaintiff, entered upon the verdict of a jury in an action for rent claimed to be due under the terms of a written lease entered into between plaintiff and defendant on May 25, 1905, whereby plaintiff let to defendant certain premises for the term of five years, to commence May 1, 1908, and expire April 30, 1913.

The complaint alleges the making of a lease "at the annual rent or sum of $16,000, to be paid in equal monthly payments in advance on the 1st day of each and every month during said term," that defendant duly entered into possession of the said premises under said lease, and that no part of the rent which became payable under the terms of said lease on the 1st day of March, 1913, amounting to $1,-333.33, had been paid.

The answer denies that "the plaintiff rented and the defendant hired the premises described therein at the annual rent or sum of $16,000, to be paid in equal monthly installments in advance on the 1st day of each and every month during said term; denies that it was or remained .in possession on the 1st day of March, 1913, or at any time thereafter; and denies that the sum of $1,333.33 became payable under the terms of said lease on the 1st day of March, 1913"; and for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a separate defense alleges the making of an agreement, annexed to the answer, which provided as follows:

"That in case the building or buildings erected on these premises hereby leased shall be partially damaged by fire or otherwise the same shall be repaired as speedily as possible *at the expense of the said party of the first part* [the landlord]; *that in case the damages shall be so extensive as to render the building untenantable, the rent shall cease until such time as the building shall be put in complete repair;* * * * *provided, however, that such damage and destruction be not caused by the carelessness, negligence, or improper conduct of the party of the second part, its agents or servants"*

—and, further, that on or about the 26th day of December, 1912, the premises were damaged by fire, by water, and through the acts of the members of the fire department of the city of New York; that said damage was not caused by the carelessness, neglect, or improper conduct of the defendant, or of its agents or servants; that the said damage was so extensive as to render the said building and premises untenantable; that thereupon the plaintiff took possession of said premises for the purpose of repairing the damage caused as aforesaid; that the plaintiff thereupon proceeded to repair portions of the damage, and has ever since remained in possession of said premises; that the plaintiff had not by or before the 1st day of March, 1913, and has not at any time thereafter, put the building in complete repair or in a tenantable condition; but that, on the contrary, the said premises were on the 1st day of March, 1913, and have ever since remained, in a wholly untenantable and dangerous condition.

The evidence shows that at the time of the fire the defendant was not in physical possession of the premises, but that it was in possession of a subtenant, to whom the defendant had rented the premises. The plaintiff took possession of the premises on December 28, 1912, notifying defendant that it did so for the purpose of placing them in complete repair. At the time of the fire the lease had four months and five days to run. The plaintiff finally tendered the premises to defendant as being in complete repair on February 28, 1913. The defendant rejected the tender, on the ground that the premises had not been put in complete repair, and on the trial contended that in retaining the building for two months and five days for the making of repairs the plaintiff had failed to comply with its covenant to make such repair "as speedily as possible."

On the trial the plaintiff offered in evidence the lease annexed to defendant's answer and rested. Defendant moved to dismiss, on the ground that plaintiff had failed to show the condition precedent to the recovery of rent, that the premises had been restored and put in complete repair. This motion was denied, and an exception taken.

[1] Defendant also excepted to that portion of the charge to the jury where the court said:

"In your deliberations, the first thing you must do, when you reach the jury room, is to determine whether the defendant or its subagents were guilty of negligence or carelessness or improper conduct in connection with the fire."

Under the lease, the burden of establishing such negligence was upon the landlord, and, in the absence of proof of negligence on the

part of the defendant, its agents or servants, the court erred in sub·· mitting this issue to the jury.

"Negligence, being a wrong, will not be presumed, but must be proved by the party charging it." Lamb v. Camden & Amboy R. R. & T. Co., 46 N. Y. 271, 7 Am. Rep. 327; Burke v. Erie R. R. Co., 134 App. Div. 413, 119 N. Y. Supp. 309; Platt v. Richmond, etc., R. Co., 108 N. Y. 362, 15 N. E. 393.

The learned court also erred in refusing to charge the several requests presented by defendant's counsel on this point.

[2] The defendant was also entitled to have the following specific requests charged as presented:

"Twelfth. That the burden is cast by law upon the plaintiff to prove by a reasonable preponderance of evidence that the premises were put in complete repair, and were in complete repair on the 1st day of March, 1913 (the date when they were tendered to defendant), and if the jury find that the premises had not been put in complete repair by March 1, 1913, the verdict must be for the defendant.

"Thirteenth. That the burden is cast by law upon the plaintiff to prove that the repairs, if completed, were made as speedily as possible; that it appears by the uncontradicted testimony of the witnesses on behalf of the plaintiff that the fire occurred on December 26, 1912, and that the work of repairing was not commenced until January 10, 1913, some 15 days thereafter; and that if in the judgment of the jury 15 days was an unreasonable delay, the plaintiff failed to perform the provisions of the lease, and the verdict must be for the defendant."

See Bacon v. Albany Perf. Wrap'g Paper Co., 22 Misc. Rep. 592, 49 N. Y. Supp. 620.

The refusal to charge each of these requests constituted prejudicial error. The evidence establishes clearly that plaintiff did not, as required by the provisions of the lease, put the building either in complete repair or even in substantially the same condition as before the fire, and that after the suspension of the rent by reason of the fire putting the building in untenantable condition, no obligation to pay rent has been established under the provisions of the lease.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.