Morris Rosenwasser, Plaintiff, *v.* Blyn Shoes, Inc., and Others, Defendants.

Supreme Court, New York County, December 22, 1926.

Contracts — action for money had and received on theory of rescission of contract because of breach by defendants — defense that contract is not enforcible does not warrant judgment on pleadings — defendants cannot retain money and claim contract is unenforcible — recital in correspondence that defendants would " favor " plaintiff with business, interpreted as commercial way of stating undertaking to order merchandise from plaintiff.

In an action for money had and received, based on the theory of rescission of contract because of defendants' breach thereof, defendants are not entitled to judgment on the pleadings on the ground that the contract is not enforcible in that it lacks mutuality and is too indefinite, for plaintiff is not attempting to enforce the contract, but to rescind the agreement and to recover back the money paid thereunder; defendants cannot retain the money and claim that the contract, under which it was paid, is unenforcible.

A recital in the correspondence between the parties upon which the contract is predicated, that in return for plaintiff's purchase of stock of defendant corporation, said defendants would " favor " plaintiff with business, must be interpreted

as merely an ordinary commercial way of stating their undertaking to order merchandise from the plaintiff; defendants' claim, therefore, that there was no contractual intent by virtue of that language, cannot be sustained.

MOTION by defendants, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings.

*Harris & Towne,* for the plaintiff.

*Benjamin Bernstein* [*Benjamin Bernstein* and *Lester Grossman* of counsel], for the defendants.

LEVY, J. Defendants move for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, contending that the complaint, as amplified by the bill of particulars, is insufficient in law. The bill states that the agreement alleged in the complaint upon which the action is based was in writing, and proceeds to set forth the correspondence upon which this is predicated. It is, therefore, necessary upon this motion to consider the bill in connection with the complaint and to permit the actual provisions of the agreement to replace plaintiff's assumed interpretation as pleaded in the complaint, wherever inconsistencies occur between the two. And, in doing so, I am not unmindful of what the Court of Appeals took occasion to say in the very recent case of *Harmon* v. *Peats Co.* (243 N. Y. 473).

Plaintiff is a manufacturer of shoes and defendants are engaged in the sale of shoes. The correspondence between the parties, as I read it, would seem to evidence an agreement by the former to purchase 12,500 shares of the common stock of defendant Blyn Shoes, Inc. (for convenience hereinafter referred to as the corporation), at a price of eight dollars per share, with the understanding that plaintiff was not to sell said stock or any part thereof during the then current year. Defendants, on the other hand, agreed to accord plaintiff representation on the board of directors of the corporation to the extent of two members, and to favor plaintiff's company, Rosenwasser Bros., Inc., with the corporation's business whenever this company was " in a position to make up merchandise which will equal, in style, quality, workmanship and price, that offered by other manufacturers." The wording of the corporation's letter of April twenty-third, in which it seeks to induce a purchase of the stock, taken alone, might well give rise to doubt as to whether there was any contractual intent on its part with reference to the representation on the board of directors and the favoring of Rosenwasser Bros., Inc., with business. This doubt is, however, dispelled by the language of another letter which was apparently prepared either by defendants or their agent, one Civic, for the purpose of securing from the Rosenwasser com-

pany confirmation of their purchase, and also by the wording of plaintiff's letter of April twenty-fifth, in which the purchase was actually confirmed by him. It is difficult to read the last-mentioned letters, especially in the light of the fact that plaintiff was interested in the manufacture and defendants in the sale of shoes at retail, without feeling that it was a material condition of the purchase that plaintiff's company was to be favored with business whenever it was able to meet competition. At any rate, considering the nature of this motion, plaintiff is entitled to the benefit of every inference that can reasonably be drawn in his favor, and I have no hesitancy, therefore, in adopting that interpretation. In view of the circumstances, it is certainly not unreasonable to suppose that plaintiff might not have purchased the stock unless he was assured of defendants' business upon the condition named.

The complaint alleges that defendants agreed to purchase from plaintiff and from Rosenwasser Bros., Inc., " all of the shoes to be sold by the defendants that equal ed in style, quality, workmanship and price those offered by other manufacturers of shoes; " that plaintiff purchased the stock and paid $100,000 therefor and duly performed all the terms and conditions of the contract on his part to be performed, but defendants failed to purchase from plaintiff or Rosenwasser Bros., Inc., " the shoes as aforesaid to be sold by the defendants * * * although the plaintiff has demanded of the defendants that they make such purchases from him, or said Rosenwasser Bros., Inc.; " and that " plaintiff and said Rosenwasser Bros., Inc., have always been and still are able, willing and ready to furnish the defendants with all the shoes they could order as aforesaid, from the plaintiff or said Rosenwasser Bros., Inc." In conclusion the complaint alleges that upon failure of defendants to favor plaintiff or Rosenwasser Bros., Inc., with their business, plaintiff tendered back the certificates of stock and demanded a return of $100,000 but that defendants refused to refund the money to plaintiff's damage in said sum.

Defendants contend, *first*, that the correspondence indicates that they had not bound themselves to anything; *secondly*, that their agreement to favor plaintiff's company with their business is too indefinite and uncertain to be capable of enforcement; *thirdly*, that the said agreement is unenforcible for lack of mutuality in that there is no agreement to accept defendants' orders; and *fourthly*, that plaintiff has no standing in court since the damage, if any, resulting in the breach of the agreement was suffered not by plaintiff but by the Rosenwasser company. Defendants' objection that the use of the word " favor " indicates that there was no contractual intent, is evidently based upon the proposition that they

agreed at most to be partial to plaintiff's merchandise without obliging themselves to do anything definitely. It is exceedingly difficult, however, to acquiesce in that view as it seems to me to be reasonably clear that defendants' agreement " to favor * * * with * * * business " was merely an ordinary commercial way of stating their undertaking to order merchandise from plaintiff. The other objections are in my opinion based upon a misconception of the theory of the complaint. Plaintiff, as I view this pleading, is suing on the theory that he rescinded the contract pursuant to which he purchased the stock because of the failure of defendants to perform. The complaint alleges that upon the happening of this contingency, he tendered back the stock and demanded the return of his money, and it is significant that the amount of the damages claimed is precisely equal to the purchase price of the stock. It may well be that an action for money had and received in substantially the form of the complaint here, is proper under the circumstances. (*Whiting* v. *Derr*, 121 App. Div. 239.) This complaint does not by its prayer for relief seek to enforce the agreement in question, and the objections, therefore, that it lacks mutuality or is too indefinite or that plaintiff has no standing in court because the damage, if any, accrued to the Rosenwasser company, lose their force entirely. To put an extreme case, let us suppose that plaintiff paid $100,000 in consideration of defendants' agreement to favor him with their business whenever he could meet competition. Could defendants properly claim that the agreement was too indefinite and yet retain the money paid to them in consideration of the very agreement? Clearly not. The instant case differs from the supposititious one only in degree. Plaintiff here paid the money for the stock, with the express understanding, among other things, that he was to get defendants' business whenever the condition imposed could be suitably met. This agreement of defendants was substantial, and in the last analysis, indeed part of the consideration for the money paid by plaintiff. Obviously it was capable of enforcement, for defendants when they were on the point of making purchases from other manufacturers, could very easily have afforded plaintiff an opportunity to compete. It cannot be that defendants may repudiate their agreement as unenforcible and yet retain the money paid to them. Nor may they, even if plaintiff were seeking to enforce the contract, be heard to complain of lack of mutuality, for this was wholly unnecessary in view of the payment of $100,000 which undoubtedly constituted sufficient consideration for defendants' promise. Thus, in *Grossman* v. *Schenker* (206 N. Y. 466, 468) the Court of Appeals by Judge VANN, said: " If, however, there is

a sufficient consideration mutual promises·are not essential, for the consideration supports the promise although made by one party only." (See, also, *Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112; Clark New York Law of Contracts, § 317.)

Of course, in presenting this discussion I have assumed that plaintiff was entitled to rescind because of defendants' breach, which view is sustained by ample authority. In *Koerner* v. *Henn* (8 App. Div. 602) plaintiff had agreed to sell and deliver to defendant and the latter to purchase 25,000 pictures at $225 to be paid for thirty days from delivery. The agreement also provided that plaintiff was to sell none of the pictures in Buffalo for a period of four months after delivery. In plaintiff's suit for the purchase price, the defense was that plaintiff had sold pictures in Buffalo in violation of his agreement and that defendant had rescinded the agreement and set aside the pictures for plaintiff's order. The Appellate Division, after pointing out that the agreement to refrain from selling pictures in Buffalo was not a condition precedent since it could not be performed until after the payment of the price, said (at p. 604): " It is, however, a general rule that an executory agreement, which is entire, may, upon a substantial breach by one of the parties, be rescinded for that reason by the other when it can be done *in toto* and the parties put *in statu quo*." The defense there was sustained and the similarity between that situation and the one involved in the case before us seems to me to be too clear to require amplification. In *Lauer* v. *Raymond* (190 App. Div. 319) the Appellate Division in this department pointed out that a contract may be rescinded by reason of a breach of condition, and in a proper case even though it be a condition subsequent. The court there quoted with approval the following statement from Black on Rescission of Contracts (Vol. 1, § 213): " In numerous cases the courts have refused rescission of a contract on the ground of the breach of a condition subsequent, on the general principle that there is in such cases an adequate remedy at law by an action for damages. But the true rule appears to be that rescission or cancellation may properly be ordered where that which was undertaken to be performed in the future was so essential a part of the bargain that the failure of it must be considered as destroying or vitiating the entire consideration of the contract, or *so indispensable a part of what the parties intended that the contract would not have been made with that condition omitted*. For example, where a lease contains a provision requiring the lessor to furnish the tenant with steam, heat, and uniform power for the operation of his machinery, a failure to comply justifies the tenant in vacating the premises and refusing to pay rent. So, where a company which was the owner of much real estate in

a town, and largely engaged in building, sold a house and lot to a house painter, agreeing to give him the painting for the company so long as his work was satisfactory, he may rescind on showing that no such work was given to him, although he was ready and able to perform it and was willing to do so for a reasonable compensation. Again, where it is a part of the consideration for the purchase of stock in a corporation that the purchaser, as soon as qualified, shall be appointed treasurer and business manager of the company, and this agreement is not fulfilled, it is cause for rescission on his part. *This rule is also applicable where the stock is purchased on the express agreement that those who formerly controlled the company shall not be connected with it after its reorganization,* and where stock is delivered to an officer of the corporation under an agreement that is shall be transferred by him to a certain capitalist to induce him to give the corporation financial and other assistance. Again, where the consideration of a contract includes an agreement on the part of one of the parties to make loans or advances to the other, to pay his debts, or to furnish him money for living expenses, and performance of such agreement is refused, a case for rescission arises."

Suffice it to say that the reference in this quotation to the case of the house painter appears to me especially apropos. However, in all the circumstances present, the motion is denied.