The opinion of the Court was delivered by
Sedgwick, J.
(After reciting the substance of the declaration, he proceeded.) The words “ swindler, swindling,” &c., have been very lately adopted into the English language, and are as yet of indefinite meaning; and it is sufficient to determine the question before the Court that they do not, with certainty, import an indictable offence. These terms were imported into this country from England, and into that from Germany. In their passage hither, when first used in the English language, and before they became naturalized here, they obtained a meaning, and what that meaning was, we learn from the report of the case' of Savile vs. Jardine, by which it appears that the word “swindler means no more than cheat; cheat has always been holden “not to be actionable, and swindler means no more.” We may safely, I think, consider that as the meaning of the word; and if so, this case is brought within the authority of several of the cases which have been cited, and which have always been considered as good law. Whatever, then, might have been our judgment, if the first two counts only had *368 been in the declaration, we are all satisfied that for the insufficiency of the third, the judgment must be arrested. (a)

Judgment arrested.

 Vide Harding vs. Brooks, 5 Pick. 244.— Turner vs. Horton, Willes, 438.—] Saund. 246.—2 Saund. 307, a; notes, 5th ed.— Chaddock vs. Briggs, 13 Mass Rep. 248.