sonally served with process, the appearance for him cannot be withdrawn.

In all other respects the motions in the two suits must be suspended, with leave to bring them on again, after the proceedings have been had in respect to the co-assignee.

## Case No. 4,732.

FENWICK v. BRENT et al.

[1 Cranch, C. C. 280.][1]

Circuit Court, District of Columbia. Dec. Term, 1805.

But THE COURT continued the cause.

## Case No. 4,733.

FENWICK v. GRIMES.

[5 Cranch, C. C. 439.][1]

Circuit Court, District of Columbia. March Term, 1838.

[1] [Reported by Hon. William Cranch, Chief Judge.]

R. J. Brent, contra.

Mr. Key, in reply.

THRUSTON, Circuit Judge, absent. MOR-SELL, Circuit Judge, concurred.

Mr. Key, contra.

CRANCH, Chief Judge. The only misrepresentation of fact, stated in this second count, is, that the defendant represented that he "desired" the slave "for his own use;" but that representation is not averred to be false; it is not averred that the defendant did not desire the slave for his own use. The other supposed misrepresentations are only breaches of promise or contract, for the performance of which, the plaintiff relied upon the credit of the defendant. It is true, that the plaintiff "declares that the said representation, declarations, and promises, were utterly false and deceitful." and that "at the time the defendant gave himself out as wishing to purchase the slave upon the conditions," &c., "and for his own use," &c., he had engaged to sell the slave to a negro-trader who he knew wanted to transport her, &c.; but this is no direct denial that the defendant "desired the slave for his own use." If this count is to be considered a count for money obtained by false pretences, the pretence should have been distinctly averred, and its truth denied in terms. The mere non-performance of a promise is not such a deceit as will support an action of deceit. The remedy is an action of assumpsit, to which the general issue is not, not guilty, but non assumpsit. I am, therefore, of opinion, that the second count as well as the first is bad, and that judgment must be arrested upon both.

The other judges concurred.

Judgment arrested upon both counts.

Mr. Brent then moved for leave to amend the declaration, and for a venire de novo; and cited the case of Golding v. Good [Case No. 5,514], in this court, at December term, 1821, and Sherburne v. Semmes, at December term, 1825 [Id. 12,760], in which case it is said judgment was arrested for a fault in the declaration, and the court gave leave to amend on payment of the costs of the term; but I have no note of the point, and no note of the case of Golding v. Good.

Cur. ad. vult.

THE COURT (nem. con.), at November term, 1838, refused leave to amend.

## Case No. 4,734.

FENWICK v. GRIMES.

[5 Cranch, C. C. 603.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

Mr. Key, for the defendant,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]