By the Court, Bronson, J.
There is no' colloquium of obtaining goods by false pretences, nor is there any thing else to show that the words were used in any other than their ordinary sense. Swindling is not a crime known to our law. The word swindler is an exotic, which came from Germany, and has but recently become naturalized in our language. In Todd’s Johnson, swindler is defined to be “ a sharper; a cheat j” and to swindle, “ to cheat; to impose upon the credulity of mankind, and thereby to defraud the unwary by false pretences and fictitious assumptions.” Webster defines swindler as u a cheat; a rogue ; one who defrauds grossly, or one who makes a practice of defrauding others by imposition or deliberate artifice.” And in Tomlins’ Law Dictionary, edition of 1836, the word is defined, “ a cheat; one who lives by cheating.” To call one a swindler is about equivalent to saying he is a cheat, which has never been held actionable. Either of those charges may, under certain circumstances, imply that the accused is ■guilty of the crime of obtaining goods by false pretences. But they do not necessarily mean so much. There are many ways in which a man may wrong another in such a manner as to earn the title of swindler or cheat, without subjecting himself to an indictment for a criminal offence.
This question has been considered as settled ever since the decision in Savile v. Jardine, (2 H. Black. 531.) It was there held that words charging the plaintiff with being a swindler were not actionable. Eyre, Ch. J. said, the word was “ only equivalent to cheat; it cannot be carried further, and that *141 is not actionable.” He added : “ thief always implies felony, but cheat not always.” Buller, J. said, swindler means no more than cheat; u when a man is said to be swindled, it means tricked or outwitted.” That case was followed by the supreme court of Massachusetts in Stevenson v. Hayden, (2 Mass. Rep. 406 ; and see Carter v. Andrews, 16 Pick. 1, 9.) In Neal v. Lewis, (2 Bay, 204,) the word swindler was applied to a merchant ; and besides, the plaintiff was also charged with being a thief. The court had no occasion to say whether the first charge was actionable or not. I am not aware that words charging the plaintiff with being a swindler have ever been held actionable; and upon principle I think they are not. They do not necessarily ■ import a criminal offence involving moral turpitude, and punishable by indictment.(a)
Judgment for the defendant.

 See Young v. Miller, ante, p. 21.