thing remains to be done by or on behalf of the donor, which is not done before his death, that the gift fails to take effect. Submit order accordingly.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. F. Dos Passos, for appellant.

C. G. Frelinghuysen, for respondents.

PER CURIAM. Order affirmed, with costs, on opinion of the court below.

INGRAHAM, J., taking no part.

---

(8 App. Div. 602)　　　　KOENER et al. v. HENN.

(Supreme Court, Appellate Division, Fourth Department. July 30. 1896.)

SALE—RESCISSION BY BUYER—BREACH OF CONTRACT.

　　A breach by the seller of a provision of the contract, that he will not, for four months, sell similar goods to any person other than defendant, is a ground for the rescission of the contract by the buyer, though the stipulated time for the payment expired within the four months.

Appeal from special term, Erie county.

Action by Herman T. Koener and Charles E. Hayes against Charles P. Henn to recover the sum of $225 for pictures alleged to have been sold and delivered by plaintiffs to defendant. The complaint was dismissed, and plaintiffs appeal. Affirmed.

The opinion of Mr. Justice BRADLEY at special term is as follows:

By agreement of date March 2, 1895, the plaintiffs undertook to sell and deliver to the defendant, and the latter to purchase, 25,000, No. 512, dog pictures, at the price of $225, to be paid for in thirty days from time of delivery. In the agreement was the provision that plaintiffs should sell none in the city of Buffalo for the period of four months from the date of such delivery, except to the defendant. The defense is founded upon the charge, supported by the evidence, that the plaintiffs did, within such time, sell similar dog pictures to another person in the city of Buffalo. Thereupon defendant called the attention of plaintiffs to such violation of the agreement, and notified them that he rescinded the agreement, and that the 25,000 dog pictures so delivered were set aside for the plaintiffs, and held subject to their order. It appears that they were so set aside and held. This was within thirty days after the property had been delivered by the plaintiffs to the defendant, and before this action was brought to recover the price. The question presented is whether or not the breach of the contract on the part of the plaintiffs enabled the defendant to rescind the agreement, and thus furnish a defense. The stipulated time for payment by the defendant expired before that within which the plaintiffs were required by the terms of the contract to observe their stipulation not to sell to any person in Buffalo other than the defendant. That condition or provision cannot, therefore, be treated as a condition precedent to the right of action to recover the price. Tipton v. Feitner, 20 N. Y. 423; De Kay v. Bliss, 120 N. Y. 91, 24 N. E. 300. It is, however, a general rule that an executory agreement which is entire may, upon a substantial breach by one of the parties, be rescinded for that reason by the other, when it can be done in toto, and the parties put in statu quo. Weaver v. Bentley, 1 Caines, 47; Meade v. Insurance Co., 51 How. 1; Giles v. Edwards, 7 Term R. 181; Hunt v. Silk, 5 East, 449. In the present case the

contract was executory, and part of the consideration of the purchase was the plaintiffs' stipulation that they would not, within such term, give opportunity to any other person in the city of Buffalo, by sale to him, to come in competition with the defendant in the use of the advertising novelty in question. The plaintiffs disabled themselves from performance on their part of the contract in a respect which may have been deemed material to the beneficial purpose of the purchase. And when the plaintiffs did, by such sale to another, deny to the defendant the benefit of that provision, he was at liberty to treat such sale as a substantial breach of the contract, prejudicial to him, and on that ground to rescind it, if he was then able to restore to plaintiffs fully what he had received from them, and thus place them in the same situation in respect to the subject of the sale in which they were at and immediately before the time of the delivery of the goods. This the evidence on the part of the defendant tended to prove, and the conclusion is permitted that the defendant had in the meantime made no use of any of them. It was nevertheless necessary for the defendant to proceed promptly to rescind the agreement, to render it effectual. The conclusion was warranted that, under the circumstances, he did so with the reasonable promptitude and diligence essential to accomplish it. The cases cited by plaintiffs' counsel on the subject of remedy when the stipulations of a contract do not constitute conditions precedent were those in which there was no restoration to place the parties in statu quo. In such case the remedy for breach is an action for damages. There seems to have been no ruling at the trial to the prejudice of the plaintiffs. The judgment should be affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

F. M. Inglehart, for appellants.
Strebel & Corey, for respondent.

PER CURIAM.　Judgment affirmed, with costs, on the opinion of BRADLEY, J., delivered at special term.

---

(7 App. Div. 431)

## DURFEE et al. v. POMEROY et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. WILLS—SUSPENDING POWER OF ALIENATION.
    A bequest of a trustee to pay the income to R. until 45 years old, and then turn over the property to him, but if he should die before reaching the age of 45 years, leaving a widow, to pay one-half of the income to her so long as she should remain his widow, suspends the power of alienation longer than two lives in being (1 Rev. St. p. 773, § 1), where R. was not married at the time of testator's death, since he might marry some one who was not born at the time of testator's death.

2. SAME—TRUST OR ABSOLUTE LEGACY.
    Testator, after making certain provisions for his daughter and his son, R., gave the residue of his estate to his executors in trust to pay one-half of the income to R. until 45 years old, and then to transfer one-half of such residue to him, or to his children, if any, should he die before attaining the age of 45 years. The will further provided that should R. die within the period, leaving a widow but no children, the widow should have one-half of the income which R. had enjoyed, so long as she remained his widow. *Held*, that testator's evident intent was to provide for his children during their lifetime, and to secure his property to his grandchildren, and therefore the provision in favor of R.'s widow could not be withdrawn from the trust so as to take it out of the operation of the statute of perpetuities.