ALBERT L. SILBERSTEIN, PLAINTIFF AND APPELLEE, v.
OLIVER H. GUTTRIDGE, DEFENDANT AND APPEL-
LANT.

Argued February 15 and 16, 1910—Decided October 17, 1910.

The plaintiff, a wholesale dealer, sold to the defendant, a hardware
dealer, twelve dozen razors under a contract containing a stipula-
tion that the plaintiff would insert an advertisement in an At-
lantic City newspaper, which advertisement should contain the
name of the defendant as the selling agent of the razors for that
town in the hardware trade, and that all inquiries to the plaintiff
should be referred to the defendant. In an action to recover the
price of the razors, the defendant offered evidence to show that
the plaintiff had, during the period covered by the contract with
the defendant, sold razors to a druggist doing business in the
same block as the defendant, and that the druggist had sold such
razors at a less price than was permitted by the defendant in his
contract with the plaintiff. *Held*, that the offer of this testimony
was improperly overruled; that by the terms of the contract the
defendant was to be considered the sole agent for the sale of said
razors in the hardware trade in said city, and that the druggist,
so far as he sold cutlery, was engaged in the hardware trade.

On appeal from the District Court of Atlantic City.

Before Justices REED, TRENCHARD and MINTURN.

For the plaintiff, *Clarence L. Goldenberg.*

For the defendant, *Theodore W. Schimpf.*

The opinion of the court was delivered by

REED, J. From the state of the case it appears that Silber-
stein and Guttridge entered into a contract by which the
former, in consideration of Guttridge purchasing twelve dozen
razors, known as Carbo Magnetic razors, full concave, at $18
per dozen, &c., to be taken five dozen on February 15th, 1906,
three and one-half dozen on or before August 15th, 1906, and
three and one-half dozen on or before February 15th, 1907,
agreed to advertise the razors in an Atlantic City paper,

naming Guttridge in said advertisement as the selling agent for the razors for Atlantic City in the hardware trade. Silberstein also agreed that the retail price for said razors should not be less than a certain sum.

On the trial it was proved that the number of razors contracted for was sent to Guttridge on the dates mentioned, and the trial judge directed the jury to bring in a verdict for the amount contracted to be paid for the said razors. The judgment entered upon this verdict is the subject of this appeal.

It appears that the defendant returned on July 11th, 1907, to the plaintiff, razors amounting in price to $54, and a check for $9, the amount due on the second shipment. Silberstein refused to receive these razors or the money; but on February 15th, 1907, made the final shipment of the razors under the contract.

The defence offered on the trial, so far as appears from the state of the case, was that when the defendant signed the written contract, he did so upon some verbal interpretation of it by the plaintiff's agent. But respecting this nothing appears to show how the written contract varied from the parol understanding, nor any evidence to show how evidence of such parol variation became admissible.

Again, there was offered in evidence by the defendant a guarantee which the plaintiff furnished with each razor; and evidence was tendered by the defendant to prove that he exchanged three dozen razors, and finally returned to the purchasers the entire amount of money received for the sale of razors.

The books containing the alleged guarantee were open to the dealer as well as to the purchaser. The book states that the dealer will refund the purchase-money to a dissatisfied purchaser. What the plaintiff promised to the dealer, however, was not to take back such razors returned, and refund to the dealer what he had paid for the razors, but only to take back the razor and give the dealer another. What was said in the book was: "If it [the razor] does not please the customer, ask no questions. Take it back and give him another. We do likewise with you."

There appears no evidence that the plaintiff refused to give the defendant other razors in the place of those returned.

There was, however, an offer by the counsel of the defendant to prove that the plaintiff had, during the period covered by the contract, sold razors to a druggist doing business in the same block with the defendant, and that this druggist made sales of such razors at a less price than the defendant was permitted to charge. It is insisted by the defendant that this was a violation of the terms of the contract with him.

The feature thus alleged to have been violated is that which provided that the advertisement to be inserted by the plaintiff in the Atlantic City papers should contain the name and address of the defendant as the selling agent of the razors for that town in the hardware trade, and that all inquiries to the plaintiff should be referred to the defendant.

This provision amounted to a contract that the defendant should be the exclusive agent for the plaintiff in the hardware trade. Now a druggist, who, as a part of his business, sells cutlery as well as drugs, is engaged, in so far as concerns his trade in cutlery, in the hardware trade. An offer of this testimony was overruled, and in this we think there was error.

For this reason the judgment should be reversed.