GERMAN-AMERICAN MONOGRAM MFRS. *v.* E. B. JOHNSON.*

(*Nashville.* December Term, 1915.)

1. **SALES.** Breach of contract. Remedy of buyer. Rescission.

Where plaintiff, selling goods to defendant, represented that defendant was to handle the goods exclusively in his city, without which inducement the contract would not have been made, defendant's subsequent sale of the same goods to another dealer in that city was a breach of a material part of the contract, so that, regardless of whether there was fraud, the buyer was entitled to rescind. (*Post, pp.* 573-577.)

Cases cited and approved: Landreth v. Schevenel, 102 Tenn., 486; Koerner v. Henn., 8 App. Div., 602; Silberstein v. Guttridge, 80 N. J. Law, 117.

2. **FRAUD.** Representations. Expression of intention.

A representation amounting to a mere expression of intention, though false, is not a fraud at law; but a representation amounting to an engagement binds the party making it to make it good. (*Post, pp.* 573-577.)

3. **SALES.** Breach. Effect.

A buyer may be discharged if there is a breach of the contract by the seller in some substantial particular which goes to the essence of the contract and renders the seller incapable of performance, or of performance as intended. (*Post, pp.* 573-577.)

4. **APPEAL AND ERROR.** Harmless error. Instructions.

In an action for the price of goods sold, where the verdict was manifestly reached on the ground that the buyer had a right to rescind, the charge of the trial court on the defense of set-off or recoupment, as to which no damages were shown upon which the verdict might have been reached, was not prejudicial. (*Post, pp.* 577, 578.)

*As to whether statements and promises regarding future are fraud, see notes in 25 L. R. A., 423; 10 L. R. A. (N. S.), 640; 24 L. R. A. (N. S.), 735.

5. **SALES.**   Breach of contract.   Remedy of buyer.   Verdict. Sufficiency.

In such action, where the verdict for defendant on the ground of his right to rescind was correct, whether the jury attributed that right to the ground of fraud or·to the defense that there was a breach of a material part of the engagement was immaterial. (*Post, pp.* 577, 578.)

### FROM DAVIDSON

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—A. G. RUTHERFORD, Judge.

KNIGHT & BEASLEY and ALVIN McCARN, for plaintiff.

JAS. T. MILLER, for defendant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

The suit is to recover for the price of certain monogram designs sold the defendant upon the express representation that the defendant should have the exclusive sale of these goods in the city of Nashville. The fact that Johnson was to handle the goods exclusively was a material element in the contract, and without which the contract would not have been made. The company breached this provision by selling the same goods to another dealer in the city of Nashville. De-

fenses were interposed by defendant that the account is not a just claim; that it is fraudulent and void; that it is without due consideration; and that defendant is not liable for said account, as plaintiff hath in its warrant alleged. The jury returned a verdict in favor of the defendant.

Upon appeal to the court of civil appeals, the case was reversed upon the ground that the trial court erred in submitting to the jury the right of Johnson to a set-off or recoupment; that court holding that Johnson had failed to prove his damages for the breach.

The main ground which has heretofore been urged in the court of civil appeals and in the petition for *certiorari* in this court is that the representation made to Johnson, upon which he was induced to purchase the goods in question, that he should have the exclusive sale of the goods, and the violation of that agreement, was a gross fraud practiced on defendant which should entitle him to a rescission.

It is urged by the plaintiff that the agreement not to sell to another dealer did not relate to an existing fact, but only to future sales, and is therefore no ground for avoiding the contract. As authority for this proposition, plaintiff cites *Landreth* v. *Schevenel,* 102 Tenn., 486, 52 S. W., 148, and other authorities in accord therewith.

In *Landreth* v. *Schevenel,* supra, it was held that misrepresentations in order to be fraudulent must be of facts at the time or previously existing, and not mere promises for the future, and therefore it was held

that rescission for fraud in procuring the settlement and compromise of the claims of a wholesale merchant against a retail merchant could not be predicated on the latter's failure to keep his promise to continue the business he was then conducting.

This is not exclusively a case where a defendant seeks to avoid payment on the ground of fraud because he has been induced to enter into the agreement by a promise for the future, but it is more proper to consider it upon another phase, namely, that plaintiff failed to carry out the undertaking or. contract as agreed upon in a material part thereof, and for this reason the defendant refused to perform the contract on his part and offered to rescind.

There is a distinction between a representation which amounts to a mere expression of intention, which though false, is not a fraud at law, and a representation which amounts to an engagement. If the representation amounts to an engagement, the party making it is bound to make it good.   Kerr on Fraud and Mistake, p. 89.

As a general statement of the law upon this subject, a buyer may be discharged if there is a breach of the contract by the seller in some substantial particular which goes to its essence and renders the defaulting party incapable of performance or makes it impossible for the defaulting party to carry it out as intended.   35 Cyc., 135.

On the subject of discharge by breach of contract, Elliott, in his work on Contracts, says:

"The breach may occur in any one of three ways; the party may renounce his liability under the contract, or he may by his own act make it impossible for him to fulfill his liabilities under the contract, or he may totally or partially fail to perform his promise. The first two forms of breach may take place while the contract is still executory and before performance can be legally demanded. The third form of breach can only take place at or during the time of performance. The effect of a breach of a contract by one party is to excuse performance by the other, and generally, but not always, to discharge the contract." Elliott on Contracts, sec. 2025.

In section 2026, this author says:

"On breach of a contract the party not in default generally has the right to elect whether to terminate the contract or not, and he may exercise this right where such election does not increase the damages resulting from the breach."

A case in point is as follows: In a suit to recover on the price of an advertising novelty, the contract under consideration stipulated as a part of the consideration of the purchase that the plaintiffs for a period of four months from the date of delivery would sell none of them in the city of Buffalo except to the defendant. Within thirty days from delivery of the property, the plaintiffs violated the agreement by selling the pictures to another party, and the defendant thereupon notified the plaintiffs that he rescinded the agreement and held the pictures subject to order. It was held that an exec-

utory agreement which is entire may, upon a substantial breach by one of the parties, be rescinded for that reason by the other when it can be done *in toto* and the parties put *in statu quo*. The contract was considered executory, and a part of the consideration of the purchase was the plaintiffs' stipulation that they would not, within such terms, give opportunity to any other person in the city of Buffalo, by sale to him, to come in competition with the defendant in the use of the advertising novelty; that plaintiffs disabled themselves from performance on their part, of the contract, in a respect which may have been deemed material to the beneficial purpose of the purchase; and when plaintiffs did, by such sale to another, deny to the defendant the benefit of that provision, he was at liberty to treat such sale as a substantial breach of the contract, prejudicial to him, and on that ground to rescind it, if he was then able to fully restore to the plaintiffs what he had received from them. *Koerner* v. *Henn*, 8 App. Div., 602, 40 N. Y. Supp., 1021.

In another case a wholesale dealer, the plaintiff in the action, sold to the defendant, a hardware dealer, twelve dozen razors under a contract containing a stipulation that the plaintiff would insert an advertisement in an Atlantic City newspaper, which advertisement should contain the name of the defendant as the selling agent of the razors for that town in the hardware trade, and that all inquiries to the plaintiff should be referred to the defendant. In an action to recover the price of the razors, the defendant offered evidence to show that the

plaintiff had during the period covering the contract with defendant sold such razors at a less price than was permitted defendant in his contract with plaintiff. It was held that the provision amounted to a contract that the defendant should be the exclusive agent for the plaintiff and an offer of this testimony should have been allowed. *Silberstein* v. *Guttridge*, 80 N. J. Law, 117, 77 Atl., 792.

We are of opinion that the verdict of the jury can well be sustained upon the ground that the representation made by the agent of plaintiff that the defendant should have the exclusive sale of the goods sold to him in the city of Nashville was a part of the engagement entered into between the parties, and that, regardless of whether there was fraud, it was such material part of the contract as that the future breach thereof would entitle the defendant to a rescission.

It appears that, as soon as the defendant ascertained the fact that plaintiff had sold the same goods to another dealer in the city, he promptly offered to rescind and immediately shipped the goods back to plaintiff, except a small amount which he had sold. For the portion sold he paid the plaintiff.

We do not attribute the verdict of the jury to the defense of set-off or recoupment, because no damages were proven upon which the verdict could have been reached, and therefore the charge of the trial judge on that question was not prejudicial. The verdict manifestly was reached upon the ground that there was a

133 Tenn. 37

right to rescind, and whether the jury attributed that right to the question of fraud, or to the defense that there was a breach of a material part of the engagement, is immaterial. The correct result was reached.

The writ of *certiorari* is granted. The judgment of the court of civil appeals is reversed, and judgment of the trial court affirmed.